# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1870V
UNPUBLISHED

| | |
|---|---|
| SHERRI MCCOYLE,<br><br>                     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                     Respondent. | Chief Special Master Corcoran<br><br>Filed: May 20, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Terrence Kevin Mangan, Jr.*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 11, 2019, Sherri McCoyle filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), which meets the Table definition for SIRVA, after receiving the influenza vaccine on October 1, 2018. Petition at 1, ¶ 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 19, 2021, Respondent filed a combined Rule 4(c) Report and Proffer ("Rule 4(c) Report and Proffer") conceding entitlement and indicating Petitioner should be awarded $70,668.00, representing $70,000.00 for her pain and suffering and $668.00 for her unreimbursed expenses. Rule 4(c) Report and Proffer at 4-5. On May 19, 2021, I issued a ruling on entitlement, finding Petitioner entitled to compensation for her SIRVA.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent represented that Petitioner agrees with the proffered award. Rule 4(c) Report and Proffer at 4. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the combined Rule 4(c) Report and Proffer,[3] **I award Petitioner a lump sum payment of $<u>70,668.00</u>, representing $70,000.00 for her pain and suffering and $668.00 for her unreimbursed expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Because the combined Rule 4(c) Report and Proffer contains information regarding Petitioner's personal medical history, which is not generally included in a Proffer, when separately filed, I will not attach the Proffer to the decision in this case.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.